COMMONWEALTH *vs.* MARIA LAMBERT.

Suffering a single private act of illicit intercourse or lascivious behavior or exposure of per- son in one's house is not keeping a house of ill-fame, or a building "resorted to" for prostitution or lewdness, within the meaning of Gen. Sts. *c.* 87, §§ 6, 7.

' Lewdness," in the above statute, includes private illicit intercourse, as well as public in- decency.

INDICTMENT for keeping a house of ill-fame, resorted to for prostitution and lewdness.

At the trial in the superior court, before *Brigham, J.*, the defendant, with a reference to one view or phase of the evi- dence, asked instructions as follows : " If the defendant leased a spare room in her house to two persons living as man and wife, though not legally married, to be occupied by them as tenants, the house not being otherwise resorted to for purposes of prosti- titution and lewdness, this would not constitute the offence charged." " Though this had occurred two or three different times in the time mentioned in the indictment, she would not on this account alone be guilty on this indictment."

The judge declined to do so, and instructed as follows : " To prove the guilt of the defendant, there must be evidence beyond. a reasonable doubt that she kept, that is, had under her control and management, the house to which the evidence relates, dur- ing the whole or any part of the time alleged; and that while

she thus kept the house, it was with her knowledge and consent used and resorted to by persons either for common and indis· criminate intercourse, which is prostitution, or for unlawful sexual intercourse which was or was not common and indiscriminate, which is lewdness."

The defendant then asked the court to rule further, that " one or two acts of prostitution or indecency or lewdness, committed in the defendant's house with the knowledge of the defendant, would not of themselves constitute the offence charged. This the judge refused, and instructed the jury " that a single instance of prostitution or unlawful sexual intercourse in a house, committed with the knowledge and permission of the person keeping said house, would be the offence alleged; that if a man occupied a bed-room with his mistress a single night in a house, the keeper of the house being conscious of the fact and permitting it would be guilty of said offence."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. H. Hudson*, for the defendant, cited *Miller* v. *The People*, 5 Barb. 203; *Regina* v. *Webb*, 2 Car. & Kirw. 933; *State* v. *Evans*, 5 Ired. 603; *Commonwealth* v. *Hunt*, 4 Cush. 49; *Commonwealth* v. *Calef*, 10 Mass. 153.

*Reed*, A. G., for the Commonwealth, cited *Commonwealth* v. *Gallagher*, 1 Allen, 592; *Commonwealth* v. *Gannett*, Ib. 7; *Commonwealth* v. *Howe*, 13 Gray, 26; *Wells* v. *Commonwealth*, 12 Gray, 326; *Commonwealth* v. *Buxton*, 10 Gray, 9; *Commonwealth* v. *Kimball*, 7 Gray, 328.

By the Court. The defendant is indicted for keeping " a common nuisance, to wit, a tenement used by her as a house of ill-fame, resorted to for prostitution and lewdness." The first instructions given by the court at the trial were substantially correct; and although the first ruling asked by the defendant, and refused by the court, might properly have been given, we cannot see that those which were given were not all that the case required.

The argument for the defendant that the word " lewdness in the statute applies only to the common law offence of open

and public indecency, cannot be supported. We have no doubt that it includes illicit sexual intercourse, and the irregular indulgence of lust, whether public or private.

But the last instruction which was given to the jury was defective and erroneous. The permission by the keeper of a house of a single act of illicit intercourse within it does not of itself constitute the offence described in Gen. Sts. *c.* 165, § 13, or in *c.* 87, § 6. To hold that it did would be to leave wholly out of view the meaning of the phrase " resorted to," as used in those sections of the statute. In the language of Chief Justice Bigelow in *Commonwealth* v. *Stahl*, 7 Allen, 305, " the prohibition is against keeping or maintaining a house which persons are permitted to frequent for the purpose" of unlawful sexual indulgence. " The mischief which the statute seeks to prevent is the existence of such places of resort, with the temptations which they hold out and the vices which they engender and encourage." We do not mean to be understood as holding that, to prove the offence charged, there must necessarily be direct evidence of numerous acts of prostitution or lewdness permitted by the keeper of the house. But the evidence, whether direct or circumstantial, must be sufficient to satisfy the jury that it was kept as a place of resort for such purposes.

*Exceptions sustained.*